1  KAREN P. HEWITT
   United States Attorney
2  STEVE B. CHU
   Assistant U.S. Attorney
3  California Bar No. 221177
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-5682

6  Attorneys for all Federal Defendants

                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FOX, | Civil Case No. 07CV2388-DMS (POR) |
| Plaintiff, | |
| v. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ACTION |
| UNITED STATES OF AMERICA, et al | |
| Defendant. | Date:  May 16, 2008<br>Time:  1:30 p.m.<br>Crtrm: 10<br>Judge: Hon. Dana Sabraw |
| _____ | [No Oral Argument per local rule Unless Requested by the Court] |

## I. INTRODUCTION

Plaintiff Michael Fox, appearing pro se, has filed an action against a number of defendants, including various federal agencies and federal employees (the federal employees and entities named in Plaintiff's case are hereafter referred to collectively as the "Federal Defendants.") Plaintiff alleges numerous issues, labeling his various claims as a deprivation of his civil rights, abuse, and claims for monetary relief. A review of his First Amended Complaint, his operative Complaint, demonstrates that it is without merit, and moreover, the Court lacks jurisdiction to entertain this lawsuit because Plaintiff has failed to comply with applicable statutory prerequisites to filing a lawsuit against the Federal Defendants.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael Fox has sued a number of entities and individuals, claiming that he has been followed, tracked and generally targeted by various people and organizations. Plaintiff also now alleges in his First Amended Complaint ("FAC") that he was involved in an auto accident that he claims was staged. (Plaintiff's FAC at ¶¶ 37-48.) Plaintiff's FAC references events that occurred as far back as 20 years ago. (Plaintiff's FAC at ¶¶ 14-15.) Plaintiff also alleges facts concerning events that occurred in various states including Texas, Arizona, and Florida. (Plaintiff's FAC at ¶¶ 16, 20, 92, 173B) In sum, Plaintiff alleges that he is the victim of a conspiracy involving a number of individuals and entities. (FAC at ¶141F.)

As noted in the Court's online docket, Plaintiff initially filed his Complaint on December 26, 2007, and claimed to have served the Federal Defendants on December 28, 2007. However, in the interim, and before the Federal Defendants filed any responsive pleading, Plaintiff elected to file a First Amended Complaint (hereafter "FAC") on January 30, 2008. However, as the Court noted in its order of March 7, 2008, the Plaintiff has offered no evidence establishing that he has served this FAC upon any of the requisite Defendants, including the Federal Defendants. The Court further correctly noted that in the absence of such evidence, the time for the Federal Defendants to respond has not yet begun. Plaintiff has yet to submit any

evidence to the Court demonstrating proper service of his FAC.[1] In the meantime, Plaintiff has filed papers with the Court attempting to take the Federal Defendants' default. As discussed below, this is improper and defective, and Plaintiff's request for default must be denied. Moreover, Plaintiff's entire case suffers from several fatal defects and should be dismissed with prejudice.

### III.  LEGAL ARGUMENT

A.  PLAINTIFF'S FAC MUST BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH THE PLEADING STANDARDS REQUIRED BY THE FEDERAL RULES.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41 (1957). Since the Federal Government is the frequent target of nonmeritorious suits founded on questionable assertions of government conduct, courts have been careful to ensure that those suing the government and its officials comply with the standards of rule 8(a). The Supreme Court warned courts about the possibilities of artful pleading and instructed the lower courts to firmly apply "the Federal Rules of Civil Procedure [to] ensure that Federal officials are not harassed by frivolous lawsuits." Butz v. Economou, 438 U.S. 478, 507 (1978).

Although a *pro se* plaintiff is entitled to some degree of latitude in composing a complaint, he still must meet Rule 8's basic standards. See Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003). Complaints that are rambling, incomprehensible and unnecessarily voluminous fail to meet Rule 8's minimum standards because "a complaint that contains only vague and conclusory claims with no specific facts supporting the allegations may not give the defendant fair notice of the claims against him and thus would not allow the defendant to devise a competent defense." Id. (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

Plaintiff's 31 page FAC fails to specify Plaintiff's claims with any particularity and instead alleges a wide range of seemingly unconnected conduct that occurred in different

---

[1] Upon further examination it appears that Plaintiff attempted to mail a copy of his FAC to counsel for the Federal Defendants on February 7, 2008. Therefore, assuming *arguendo* that service of this FAC was proper on February 7, 2008, the Federal Defendants' responsive pleading to Plaintiff's FAC would be due on or before April 7, 2008.

3

locations over 20 years. The FAC is so devoid of logic that it clearly fails to meet even the most basic of pleading standards. Accordingly, Plaintiff's FAC must be dismissed.

B.  THE COURT LACKS JURISDICTION OVER THIS CASE BECAUSE PLAINTIFF'S FAC CONTAINS CLAIMS THAT ARE SO UNSUBSTANTIAL AS TO BE DEVOID OF MERIT.

The Supreme Court has repeatedly held that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989) (citing Hagans v. Lavine, 415 U.S. 528, 536 (1974) and Bell v. Hood, 327 U.S. 678, 682-83 (1949)). It follows that a "patently insubstantial complaint" must be dismissed for want of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1). Id., see also, O'Connor v. United States, 159 F.R.D. 22, 25 (D.Md. 1994), aff'd, 54 F.3d 773 (4th Cir. 1995). "Patently insubstantial complaints" include those that describe "fantastic or delusional scenarios." O'Connor, 159 F.R.D. at 25 (quotations and citations omitted).

In a case from another jurisdiction involving similar allegations to the one at hand, the Court dismissed the action, finding that the Plaintiff's claims were fantastical and divorced from the real world. O'Connor, 159 F.R.D. at 25, aff'd, 54 F.3d 773 (4th Cir. 1995). O'Connor revolved around an attorney, Dennis O'Connor representing himself *pro se*, who sued the United States and DEA asserting that over the course of several years DEA had surveilled him electronically both at work and at home, used numerous private citizens to stalk him in his daily life and utter code worded phrases, in addition to using newspaper and magazine articles to convey code words and phrases. O'Connor, 159 F.R.D. at 23 - 24. This was allegedly a concerted campaign to harass and intimidate O'Connor because his neighbor, a DEA agent, had a vendetta against him. Id. at 24.

The District Court, addressing the Government's dismissal motion under 12(b)(1), recognized that under 12(b)(1), a challenge to the court's subject matter jurisdiction, no presumption of truthfulness attaches to the factual allegations, and the burden of proving subject matter jurisdiction is on the party bringing the action. Id. at 25. The court noted that it may take judicial notice, pursuant to Federal Rules of Evidence rule 201, of "the world as it is and as it

4

is known in common experience to be, as well as what is normal conduct and abnormal conduct." Id. The court also noted that it may take judicial notice "of the fact that there are psychiatric conditions, which cause individuals to exaggerate life situations, including ordinary conversations, slights and encounters, and interpret them in highly self-referential fashion." Id. The court then concluded that O'Connor's allegations were "fantastic and paranoid" and "totally divorced from the real world . . . ." Id. at 26.

Similarly here, the evidence to support Plaintiff's allegations is nothing more than perceived slights and the interpretation of random encounters in a "highly self-referential fashion." Id. at 25. Among Plaintiff's claims are the following: (1) a calculation of monetary damages based upon the assumption that he would be entitled to a monthly payment if he were to marry a U.S. Attorney (Complaint at ¶ 4.); (2) allegations that he was a victim of an auto accident that was staged by various government personnel (FAC at ¶ 77.); (3) claims that the Federal Defendants have somehow prevented Plaintiff from receiving medical treatment (FAC at ¶ 114.); (4) allegations that Plaintiff was attacked and intimidated by Galveston police and government officers (FAC at ¶ 165 - 165B.) (5) claims that Plaintiff has been followed for 20 years via GPS tracking (FAC at ¶ 14-14A.).

Such fantastic and paranoid contentions are "insubstantial" and insufficient to invoke the jurisdiction of a United States District Court. See also, Dekoven v. Bell, 140 F.Supp.2d 748, 750-63 (E.D. Mich. 2001) aff'd 22 Fed.App. 496 (6th Cir. 2001) (dismissing complaint alleging that United States and foreign countries had failed to recognize plaintiff as the "God=Messiah" of the Holy Bible); O'Brien v. United States Dep't of Justice, 927 F.Sup. 382, 384-85 (D.Ariz. 1995) aff'd 76 F.3d 387 (9th Cir. 1996) (dismissing plaintiff's case which alleged a conspiracy to use plaintiff as a guinea pig by injecting him with germs, subjecting him to electric shocks, and examining and inserting probes into his orifices because the allegations were so bizarre and delusional that they could not invoke the court's jurisdiction); Robinson v. Love, 155 F.R.D. 535, 535-36 (E.D.Pa. 1994) ("if the allegations contained in the complaint, while theoretically within the realm of the possible, stand genuinely outside the common experience of humankind, such claims may be dismissed as irrational or wholly incredible"). Given the insubstantial nature

of Plaintiff's allegations, Plaintiff's case should be dismissed with prejudice.

C. **PLAINTIFF'S LAWSUIT MUST BE DISMISSED FOR HIS FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

Plaintiff alleges that he was harmed as a result of acts or omissions on the part of federal employees and various federal entities. Accordingly it appears that Plaintiff's case is properly characterized as an action under the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671-2680, (hereafter "FTCA"). However, Plaintiff has failed to comply with applicable FTCA requirements by not presenting an administrative claim with the appropriate federal agency.

The FTCA creates a limited right to sue the United States for certain torts committed by its employees and agencies and is the exclusive remedy for torts committed by Government employees acting within the scope of their employment. United States v. Smith, 499 U.S. 160, 163 (1991). Individual federal employees are not subject to suit in their individual capacities. Rather when an individual federal employee is sued for actions occurring while the employee is acting within the course and scope of his or her employment, the United States is the only proper defendant. 28 U.S.C. § 2679(d). The FTCA therefore constitutes a partial waiver of sovereign immunity for some tort claims brought against the United States. However, any such tort lawsuit must be brought in strict compliance with the provisions of the FTCA, which specifies the terms, conditions, and extent of this limited waiver of sovereign immunity. Lehner v. United States, 685 F.2d 1187, 1189 (9th Cir. 1982); Caidin v. United States, 564 F.2d 284, 286 (9th Cir. 1977). With respect to suits brought under the FTCA, the jurisdiction of a federal court to entertain such actions is limited by the specific terms of that Act. Warren v. United States Department of the Interior, 724 F.2d 776, 777 (9th Cir. 1984).

The FTCA requires a prospective claimant to file an administrative claim with the agency whose employees' alleged conduct caused the asserted tort, as a predicate to filing a FTCA lawsuit in federal court. 28 U.S.C. § 2675. Failure to file the requisite administrative claim bars a federal district court from obtaining the jurisdiction to decide a party's claim. Id.; Holloman v. Watt, 708 F.2d 1399, 1402 (9th Cir. 1983) "Exhaustion of the claims procedures established under the Act is a prerequisite to district court jurisdiction." Johnson v. United States, 704 F.2d 1431, 1442 (9th Cir. 1983).

1    Plaintiff has not filed an administrative claim with the appropriate agency prior to filing this lawsuit. In his original complaint, Plaintiff alleged various claims against the FBI and various FBI agents. However, Plaintiff has presented no administrative claim to the FBI. (Declaration of Ayana Washington at ¶ 4.) Plaintiff's failure to file an administrative claim with the appropriate agency prior to bringing this action in federal court provides immediate grounds for dismissal. 28 U.S.C. § 2675. Given that Plaintiff has failed to file an administrative claim, this action must be dismissed.[2]  Sameena v. Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998).

D.  **PLAINTIFF CANNOT TAKE THE DEFAULT OF THE FEDERAL DEFENDANTS**

Plaintiff has incorrectly attempted to take a default against the Federal Defendants, claiming that the Federal Defendants were required to respond to his FAC by March 25, 2008. However this is incorrect as Plaintiff has offered no evidence that he properly served the Federal Defendants.

It is Hornbook law that an amended pleading supercedes the original, the latter being treated therefore as non-existent, and once amended the original no longer performs any function as a pleading. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989); Bullen v. De Bretteville, 239 F.2d 824, 833 (9th Cir. 1956);. The Ninth Circuit requires that an amended pleading be served before it supercedes the original complaint. Doe v. Unocal Corp., 248 F.3d 915, 920 (9th. Cir. 2001). Simply filing an amended pleading is insufficient. Id. However, a Plaintiff may not simply file a pleading and fail to serve it without suffering some consequence. The applicable rules require the filing of a pleading to be followed

---

[2] Plaintiff's FAC alleges various claims against persons and entities in Texas, including the Galveston police department. (Plaintiff's FAC at ¶¶ 77, 114, 165-165B.) The applicable venue provision in an FTCA case is 28 U.S.C. § 1402(b), which lays venue in the district where the plaintiff resides or where the act or omission complained of occurred. However, the Court has authority to transfer a case to a different venue where appropriate under 28 U.S.C. § 1406(a). This District is an improper venue for these claims, as the alleged events occurred in Texas, and the witnesses and evidence are all presumably located in Texas. The only connection between these events and this forum is the fact that Plaintiff resides "off and on" in San Diego, California. (FAC at ¶ 2A.) Accordingly the Southern District of California is an improper venue and these claims should be presented, if at all, with the appropriate judicial forum in Texas. A.J. Industries, Inc. V. United States Dist. Ct., 503 F.2d 384, 389 (9th Cir. 1974).

7

by service of that same pleading. Fed. R. Civ. Proc 4(m). Rule 4(m) provides that a plaintiff is required to serve a complaint within 120 days from the date of filing. Fed. R. Civ. Proc 4(m). The purpose of this rule is to assure that defendant will be promptly notified of the claim, and prevent prejudice. Electrical Specialty Co. V. Road & Ranch Supply, Inc., 967 F.2d 309, 311-314 (9th Cir. 1992). Failing to serve a complaint can result in the dismissal of the complaint. Fed. R. Civ. Proc 4(m).

Plaintiff has submitted no evidence that he has served his FAC. However, as noted above, it appears that Plaintiff attempted to mail a copy of his FAC to counsel for the Federal Defendants on February 7, 2008. Assuming *arguendo* that service of this FAC was proper on February 7, 2008, the Federal Defendants' responsive pleading to Plaintiff's FAC would be due on or before April 7, 2008. Therefore the time for the Federal Defendants to respond to Plaintiff's FAC has not yet run, and Plaintiff can take no default.

## IV.  CONCLUSION

Plaintiff's case cannot proceed in this forum. Plaintiff has failed to comply with applicable pleading requirements, has made insubstantial allegations, and has failed to exhaust his administrative remedies. Consequently the Federal Defendants respectfully request that the Court dismiss Plaintiff's FAC with prejudice.

DATED: April 7, 2008

KAREN P. HEWITT
United States Attorney

/s Steve B. Chu

STEVE B. CHU
Assistant U.S. Attorney
Attorneys for all Federal Defendants