|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |
| MICHAEL T. FOX,<br><br>                Plaintiff,<br><br>        v.<br><br>U.S. ATTORNEYS OFFICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, PAULA PATSON, RONALD PATSON, GALVISTON POLICE DEPARTMENT, et al.,<br><br>                Defendant. | Civil No.   07-cv-2388-DMS (POR)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>[Dkt. No. 3.] |

    Plaintiff, proceeding *in pro per* on a complaint of alleged civil rights violations, has requested appointment of counsel under 42 U.S.C. § 2000e-5. For the following reasons, Plaintiff's request if hereby DENIED WITHOUT PREJUDICE.

    Plaintiff alleges civil rights violations from a broad government conspiracy against him and his property. Plaintiff's complaint describes that he has recently driven throughout the United States and Mexico in a mini-van, in which he also slept. While parked for the night in Galveston, Texas, Plaintiff's vehicle was struck by another vehicle. It is Plaintiff's belief that this accident, which caused him to lose the use of his vehicle, was staged by the federal government in order to destroy his vehicle and as an attempt to take his life. (Dkt. No. 1 at 34.) Plaintiff alleges that other prior automobile accidents which he has experienced were also perpetrated by local, state or federal government officials. (Dkt. No. 1-3 at 36-42.) Plaintiff further believes that local police and the federal government have made efforts to deprive him of insurance coverage for that accident and to

deprive him of legal representation as he has sought to bring this action.

Plaintiff's complaint also alleges that he is owed workers' compensation for injuries which he suffered while working separate construction jobs in Florida in 1997 and in 2002. (Dkt. No. 1-4 at 67-89.)

Under 42 U.S.C. § 2000e-5, courts have discretion to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). In exercising that discretion, the court must consider three factors: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).

**1. Plaintiff's financial resources**

Under 42 U.S.C. § 2000e-5(f)(1), "[a] lesser showing of indigency is required to satisfy the test for appointment of counsel" than is required under a motion to proceed *in forma pauperis*. See Bradshaw, 662 F.2d at 1319.

Plaintiff's request for counsel includes declarations of his assets as well as his debts. Though Plaintiff declares that he owns no home and lives in a vehicle, he claims to own property in Michigan that he values at two hundred thousand dollars. (Dkt. No. 3 at 6-7.) Plaintiff further claims to owe money on various bank accounts or credit cards, with a total claimed debt of $47,937. (Dkt. No. 3 at 7.) Plaintiff's separate motion to proceed *in forma pauperis*, filed on December 20, 2007, provides similar information about Plaintiff's financial situation. (Dkt. No. 2.) In that motion, Plaintiff estimates the value of his property in Michigan as being between one-hundred-and-fifty thousand dollars and two hundred thousand dollars. (Dkt. No. 2 at 3.) Plaintiff also declares that he received workers' compensation benefits beginning in October 2007, but that he was only entitled to collect those through February 2008. (Dkt. No. 2 at 2.)

The Court does not find that Plaintiff's representation of his financial resources weigh in favor or against the appointment of counsel. Though Plaintiff claims to have assets in excess of his debts, his major asset is his ownership of a vacant lot in Michigan. Plaintiff himself estimates the value of this land as being between one-hundred-and-fifty thousand dollars and two hundred thousand dollars, but there is no indication made to this Court that this amount or any portion thereof

is readily available to Plaintiff as a means to secure counsel.

**2. Efforts made by the plaintiff to secure counsel**

Regarding the second factor required by <u>Bradshaw v. Zoological Society of San Diego</u>, Plaintiff represents that he has made extensive efforts to secure counsel for his case, driving across the country to do so. Plaintiff claims to have sought representation from attorneys in Michigan, Florida, Virginia, Texas and Wyoming. (Dkt. No. 1 at 16, ¶ 70.)

According to Plaintiff, he sent his drafted complaint to "numerous attorneys in Texas." (Dkt. No. 1 at 7, ¶ 4.) One such law practice contacted by Plaintiff was the law firm of Whitehurst, Harkness, Ozmun & Brees, in Austin, Texas. (Dkt. No. 1. at 53-55; Doc 1-2 at 44-46.) Another practice contacted by Plaintiff was Crews & Elliott, also in Austin, Texas. (Dkt. No. 1-3 at 47; Dkt. No. 1-4 at 54.) Also, the Law Offices of Jeremy F. Rosenthal in McKinney, Texas received documentation of Plaintiff's allegations. (Dkt. No. 1-5 at 50.)

Plaintiff has also sought representation from former-United States Senator John Edwards. (Dkt. No. 1 at 7, ¶ 13.) Plaintiff further represents that he "went to Florida to see attorneys for representation." (<u>Id</u>. at 8, ¶15.) Plaintiff showed his drafted complaint to attorneys on both the eastern and western coasts of Florida. (<u>Id</u>. at 8, ¶¶ 16-18.) Plaintiff also submitted his drafted complaint to the American Civil Liberties Union's chapter in Miami, Florida. (<u>Id</u>. at 14, ¶ 53A.)

From Florida, Plaintiff drove to Jackson Hole, Wyoming, and attempted to retain attorney Jerry Spence. (<u>Id</u>. at 14-15, ¶¶ 55-67; Dkt. No. 1-4 at 66.) Plaintiff contacted the law offices of Rittenberg, Samuel & Phillips of New Orleans, Louisiana as well. (Dkt. No. 1-3 at 47; Dkt. No. 1-4 at 55.)

Plaintiff has demonstrated an abundant effort to secure counsel to represent him.

**3. Whether Plaintiff's claim has merit**

The third factor, whether Plaintiff's claim has merit, weighs heavily in favor of denying Plaintiff's request for appointment of counsel.

Plaintiff's complaint alleges that he is owed workers' compensation for injuries suffered while he was working in Florida in 1997 and in 2002. (Dkt. No. 1-4 at 67-89.) The remaining allegations in Plaintiff's complaint arise out of an automobile accident in Galveston, Texas, which is

in the jurisdiction of the United States District Court for the Southern District of Texas. The complaint makes vague and often conclusory allegations about the identity and intent of various people - many assumed by Plaintiff to be agents of the federal government - whom he has encountered in recent years as he has traversed the country. These additional allegations bear no apparent relation to Plaintiff's workers' compensation claims.

It is unclear from the complaint why Plaintiff believes that this Court has jurisdiction over the claims arising out of his automobile accident in Galveston, Texas. Furthermore, Plaintiff's allegations that federal government officials sought to destroy his vehicle, attempted to take his life and have since frustrated his attempts to secure counsel are unsupported by claims that Plaintiff has any proof of the federal government's involvement in these events beyond Plaintiff's own inferences and postulations. Finally, Plaintiff's complaint does not state a prima facie claim for relief under 42 U.S.C. § 2000e, the statute under which he seeks appointment of counsel, because although Plaintiff does allude to workers' compensation claims he does not allege an adverse employment action taken because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.

Plaintiff has not demonstrated a sufficient likelihood of succeeding on his claim to warrant an appointment of counsel under 42 U.S.C. § 2000e-5. Upon consideration of the factors applied in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981), the Court finds that the circumstances of Plaintiff's case are not deserving of appointment of counsel.

**4. Whether Plaintiff may qualify for appointed counsel under 28 U.S.C. § 1915**

Having found that Plaintiff's complaint does not properly state a claim under 42 U.S.C. § 2000e, the Court considers whether, in the alternative, Plaintiff may qualify for appointed counsel under 28 U.S.C. § 1915, which allows a district court to appoint counsel to an indigent litigant. In the Ninth Circuit, a plaintiff who has met the requirement of indigence is entitled to appointment of counsel in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). A plaintiff may also be required to demonstrate that a reasonably diligent effort has been made to secure counsel. See, Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D.Cal. 1993). The exceptional circumstances required under Wilborn include the Plaintiff's likelihood of success on the merits and his/her inability to articulate one's claims pro se. Wilborn v. Escalderon, 789 F.2d at 1331.

1       Plaintiff in this case has not met the threshold requirement of demonstrating indigence, though he does meet the separate threshold requirement of demonstrating a diligent search for representative counsel.  Regardless, Plaintiff cannot meet the requirements of exceptional circumstances.  As discussed above, Plaintiff does not demonstrate a likelihood that he will succeed on the merits of his complaint.  Furthermore, Plaintiff has demonstrated in this action that he has the ability to articulate his claims without the assistance of counsel.  Plaintiff has articulated the facts of his complaint coherently, though not succinctly.  Plaintiff has also demonstrated an understanding of the legal issue of a statute of limitations on his claims. (Dkt. No. 19.)

      Plaintiff does not qualify for appointed counsel under 28 U.S.C. § 1915.

      Plaintiff's request for appointment of counsel is HEREBY DENIED WITHOUT PREJUDICE.

DATED: April 17, 2008

                                                        *[signature]*
                                           LOUISA S PORTER
                                           United States Magistrate Judge

cc:        The Honorable Dana M. Sabraw