1    KAREN P. HEWITT
     United States Attorney
2    STEVE B. CHU
     Assistant U.S. Attorney
3    California Bar No. 221177
     Office of the U.S. Attorney
4    880 Front Street, Room 6293
     San Diego, CA 92101-8893
5    Telephone: (619) 557-5682

6    Attorneys for all Federal Defendants

7

8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   MICHAEL FOX,                          )   Civil Case No. 07CV2388-DMS (POR)
                                           )
12              Plaintiff,                 )
                                           )   FEDERAL DEFENDANTS' REPLY
13        v.                               )   BRIEF IN SUPPORT OF THEIR
                                           )   MOTION TO DISMISS PLAINTIFF'S
14   UNITED STATES OF AMERICA              )   ACTION
                                           )
15              Defendant.                 )   Date:      May 16, 2008
                                           )   Time:      1:30 p.m.
16                                         )   Crtrm:     10
                                           )   Judge:     Hon. Dana Sabraw
17                                         )
                                           )   [No Oral Argument per local rule
18   _____)   Unless Requested by the Court]

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

In opposition to the Federal Defendants' motion to dismiss, Plaintiff continues to allege that he is the victim of a vast conspiracy. However, Plaintiff brings forward no new evidence, and instead continues the exercise of making unsubstantiated conclusory allegations that are insufficient to sustain his case. In fact, Plaintiff does not cite a single legal authority in any of the papers he filed in opposition to Defendant's motion to dismiss. It is axiomatic that allegations unsupported by facts or law are generally regarded with suspicion and not considered persuasive. See e.g. Young v. Piller, 2008 WL 1757564 (9th Cir. 2008); Ortega-Miguel v. Keisler, 254 Fed.Appx. 609 (9th Cir. 2007)[1]/

## II. DISCUSSION

As Plaintiff raises very little in the way of new evidence or argument, the majority of Plaintiff's contentions will not be addressed here, having already been addressed in Defendant's opening brief. As noted in the opening brief, although a pro se plaintiff is entitled to some degree of latitude in composing a complaint, they still must meet Rule 8's basic standards. See Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003). While pro se litigants are afforded additional latitude in composing complaints and pleadings, courts should not act as an advocate for pro se litigants. Daouda v. Dept. of Homeland Security, 2008 WL 1923138 (D. Colo). Courts have dismissed even pro se complaints where they were found to be "a labyrinthine prolixity of unrelated and vituperative charges that defied comprehension" Prezzi v. Schelter, 469 F.2d 691 (2d Cir. 1972); where the complaint is "confusing, ambiguous, redundant, vague, and, in some respects, unintelligible" Wallach v. City of Pagedale, 359 F.2d 57 (8th Cir. 1966)); and where the complaint is "so verbose, confused, and redundant that its true substance, if any, is well disguised" Corcoran v. Yorty, 347 F.2d 222 (9th Cir. 1965)) (all quoted in U.S. Ex. Rel. Dattola v. Nat. Treasury Emp. Union, 86 F.R.D. 496 (W.D. Pa. 1980)). In Brown v. Califano, 75 F.R.D. 497 (D.D.C. 1977), the court dismissed such a complaint as an "untidy assortment of claims that

[1]/ Unpublished opinions issued after January 1, 2007 may be cited as legal authority pursuant 9th Cir. Rule 36-3.

1    are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions,

2    sharp harangues and personal comments." 75 F.R.D. at 499. Given the confusing, convoluted

3    and vague nature of the text of Plaintiff's Complaint/Petition, Defendant respectfully asserts that

4    it should be dismissed.

5         Further, Plaintiff admits that he has not filed an administrative claim with the FBI prior

6    to filing this lawsuit. (Plaintiff's Answer to Declaration of Ayana K. Washinton at ¶ 1-2.)

7    Specifically, Plaintiff states that he was unaware of the requirement for exhausting his

8    administrative remedies prior to filing a lawsuit in federal court against a federal entity, and

9    instead elected to proceed with a petition and complaint in federal court. Id. It is well settled

10   law that a Plaintiff must first file an administrative claim with the relevant federal agencies prior

11   to filing suit in federal court. 28 U.S.C. § 2675; Holloman v. Watt, 708 F.2d 1399, 1402 (9th Cir.

12   1983); Johnson v. United States, 704 F.2d 1431, 1442 (9th Cir. 1983). Given this admission,

13   Plaintiff's action must also be dismissed on the separate basis of failing to exhaust his

14   administrative remedies. Id.

15

16                                    **III. CONCLUSION**

17        Plaintiff's complaint is comprised of a series of unsupported conclusory allegations.

18   Plaintiff further admits that he failed to exhaust his administrative remedies prior to filing this

19   lawsuit. Defendant therefore respectfully requests that the Court grant Defendant's motion to

20   dismiss Plaintiff's action.

21        DATED: May 8, 2008                          KAREN P. HEWITT
22                                                    United States Attorney

23
                                                      /s Steve B. Chu
24
25                                                    STEVE B. CHU
                                                      Assistant U.S. Attorney
26                                                    Attorneys for all Federal Defendants

27

28