FILED

UNITED STATES FEDERAL DISTRICT COURT 2008 JUN 23  AM 8: 56

SOUTHERN DISTRICT CALIFORNIA

CLERK UF I.... U.S. COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____YMX_____DEPUTY

PLAINTIFF                                    CASE NUMBER 07 CV 2388 DMS (POR)

MICHAEL FOX

                                             1ST AMMENDED COMPLAINT

   VERSES

   DEFENDANT

                                       PLAINTIFFS-OPPISTION/ANSWER TO DEFENDANTS
GALVISTON POLICE DEPT                     MOTION TO DISMISS FOR LACK OF PERSONAL
                                       JURISDICTION--THROUGH DEFENDANTS MEMORANDUM
GALVISTON POLICE OFFICER               OF POINTS AND AUTHORITY
S BREWER ID# 378 OR 398
ANY AND ALL OTHER POLICE OFFICERS AND    (PROOF OF SERVICE)
DECTIVES AND ANY OTHER EMPLOYEES OF
THE GALVISTON POLICE DEPT..            Motion Date July 18 2008 at 130 pm
                                       Court Room 10  2nd Floor

NOW COMES MICHAEL FOX THE PLAINTIFF IN PRO PER AND STATES THE FOLLOWING IN REPSONSE TO

GALVISTON POLICE DEPT. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION. AND FURTHER

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITY..


1) PLAINTIFF FILED A PETITION AND COMPLAINT WITH  EXHIBITS 1-20 IN SAN DIEGO FEDERAL COURT

CLERKS OFFICE ON DEC 20 2007


2) THAT THE PLAINTIFF PETITIONED THE FEDERAL BUREAU OF INVESTIGATIONS---US ATTORNEYS OFFICE

AND US JUSTICE DEPT TO INVESTIGATE AND CHARGE EACH AND EVERYONE INVOLVED IN THE LIFE LONG

CRIMINAL CIVIL RIGHTS VIOLATIONS UNDER DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF THE LAW..

INCLUDING THIS STAGED CAR WRECK FROM GALVISTON TEXAS--WHICH IS THE 1ST AMENDED COMPLAINT

OF THIS FOREGOING CASE BEFORE THE COURT..


3) PLAINTIFF FILED A 1ST AMMENDED COMPLAINT ON JAN 30 2008 IN REFERENCE TO A STAGED CAR

WRECK FROM FEB 4TH 2006 IN  GALVISTON TEXAS...


4) PLAINTIFF FILED FOR A EVIDENTIAL MOTION WHICH WAS SCHEDULED FOR JUNE 20 2008

5) THAT THE COURT ON JUNE 16 2008 ENTERED ITS ON MOTION THAT THE PLAINTIFF EVENDENTIAL
MOTION IS SUITABLE FOR SUBMISSION WITHOUT ORAL ARGUMENTS, AND NO APPEARANCES ARE REQUIRED AT
THIS TIME...

6) THAT AT THIS EVIDENTIAL HEARING THE PLAINTIFF WAS INFACT LOOKING FOR THE FACTS OF THIS
STAGED CAR WRECK, AND THE PEOPLE BEHIND IT, AND FURHTER ADDTIONAL FACTS TO THE PLAINTIFFS
ORIGINAL PETITION AND COMPLAINT AND ITS EXHIBITS.

7) THAT PLAINTIFF HAD DEFENDANTS SERVED IN THE 1ST AMMENDED COMPLAINT IN MAY AND JUNE OF 2008

8) THAT THE PLAINTIFF IS UNABLE TO FIND PAULA PATSON WHOM INFLICTED THIS STAGED CAR WRECK ON
THE PLAINTIFF AS OF THIS CURRENT TIME, WHOM IS LISTED AS ONE OF THE DEFENDANTS.
PLAINTIFF UNABLE TO SERVE NOTICE..AS 4 ATTEMPTS WHERE MADE TO SERVE THIS COMPLAINT INCLUDING
THE GALVISTON TEXAS STATE COMPLAINT.
COPY OF AFFIDAVIT OF DUE DILIGENCE TO SERVE SUMMONS ATTACHED HERETO AS EXHIBIT (2-A)

9) THAT MICHAEL FOX THE PLAINTIFF ON THURSDAY JUNE 19 2008 RECIEVED GALVISTON POLICE DEPTS
MOTION OF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDITION...

10) IN PAGE 2 OF DEFENDANTS MOTION UNDER FACTUAL BACK GROUND AS PARAGRAPH 3-- DEFEENDANT
RAMBLES ON--STATING UNTRUTHFUL ACUSATIONS--AS DEFENDENTS STATE THE PLAINTIFF HAS STATED THAT
THE GALVISTON POLICE DEPT AND ALL OF THE GALVISTON POLICE OFFICERS STAGED THIS CAR WRECK ON
FEB 4 2006.. THIS IS MISLEADING AND UNWARRANTED ACCUSATION BY THE DEFENDANT... IT IS FURTHER
AN UNTRUTHFUL STATEMENT.. AS IS THERE ENTIRE MOTION SEEKING DISMISAL FOR LACK OF PERSONAL
JURISDICTION..
PLAINTIFF FURTHER STATES THERE ARE OTHER GOVERMENT ENTITES INVOLVED BESIDES THE GALVISTON
POLICE DEPT..

11) DEFENDANTS CONTINUE RAMBLING ON IN ADDTIONAL LISTED PARAGRAPHS 4 THRU 6 ABOUT DOCTORS
PLAINTIFF HAS SEEN IN SOUTHERN CALIFORNIA. ABOUT PLAINTIFF RENTING CARS OUT OF THRIFTY CAR
RENTAL OUT OF LOS ANGLES CA.

11A) PLAINTFIFF STATES HE HAS RENTED CARS FOR 7.5 MONTHS OUT OF THRIFTY CAR RENTAL FROM LOS
ANGLES CALIFORNIA. AFTER THIS STAGED CAR WRECK.. FURTHER SHOWING PROOF TO THE FACT THAT

PLAINTFF LIVES IN SOUTHERN CALIFORNIA.

PLAINTIFF RENTED CARS FROM LOS ANGLES INSTEAD OF SAN DIEGO, DUE TO A CHEAPER CAR RENTAL RATE.

THAT PLAINTIFF LIVED IN SAN DIEGO AT THIS TIME.


11B) THAT THE PLAINTIFF FURTHER IS CURRENTLY SEEING DOCTORS IN SOUTHERN CALIFORNIA. PROVING

THE PLAINTIFF LIVES AND RESIDES IN SOUTHERN CALIFORNIA. AS PLAINTIFF HAS BEEN SEEING A

ORTHOPEDIC DOCTOR IN SAN DIEGO CA. SINCE MARCH 2006--PLAINTIFF FURTHER SEEING OTHER DOCTORS

IN SAN DIEGO CA. SINCE 2006

PLAINTIFF FURTHER HAVING AN ORTHOSCOPIC OPERATION ON OCT 12 2007 IN SAN DIEGO CA.


12) AFTER THIS STAGED CAR WRECK PLAINTIFF WENT TO THE UNITED STATES FEDERAL DISTICT COURT IN

GALIVISTON TEXAS, AND WAS GIVEN TEXAS FEDERAL DISTRICT COURT RULES AND PRODUDURES ON FILING

A CIVIL LAW SUIT..


13) THAT INSIDE THIS BOOKLET IS A PARAGRAPH THAT THE PLAINTIFF MAY FILE A LAW SUIT WHERE THE

PLAINTIFF LIVES OR RESIDES.  COPY OF BOOKLET ATTACHED HERETO AS EXHIBIT A-1 THRU A-8


13A) THAT ON PAGE 2 OF THIS 8 PAGE EXHIBIT-LISTED BY PARAGRAPH (b) IT STATES AS UNDER OPTIONS.

GENERALLY, THE LAWSUIT MUST BE FILED IN THE DISTRICT WHERE THE DEFENDANT RESIDES OR WHERE THE

CLAIM AROSE. IN SUITS BASED ON DIVERSITY OF CITIZENSHIP.

( WHEN THE PLAINTIFF AND THE DEFENDANT ARE RESIDENCE OF DIFFERENT STATES),

THE SUIT MAY BE BROUGHT IN THE DISTRICT WHERE THE PLAINTIFF RESIDES.. (28 U.S.C.$1391)

AS PER THIS TEXAS EXHIBIT--AND FEDERAL STATUED (28 U.S.C.$1391) PLAINTIFF FILED IN THE

FEDERAL DISTRICT WHERE THE PLAINTIFF LIVES AND RESIDES..


14) PLAINTIFF HAS LIVED AND RESIDES IN THE SOUTHERN DISTRICT OF CALIFORNIA--

FURTHERMORE PLAINTIFF COLLECTS MAIL, ADDRESSED TO MICHAEL FOX-GENERAL DELIVERY-SAN DIEGO

CALIFORNIA 92138---- AND HAS FOR  OVER 3 YEARS..


15) PLAINTIFF HAS WORKED AS A COMMERCIAL PLUMBER IN SAN DIEGO CA.

UNTIL BEING LAYED OFF DUE TO THE HOUSING CRISIS. PLAINTIFF BEING LAYED OFF JAN 4TH 2007 IN

SAN DIEGO CA.

16) PLAINTIFFS EMPLOYER WAS WILLIAM KELLEY AND SONS OF CALIFORNIA. WHOS ADDRESS IS 1044

PIONEER WAY--(SUITE D) EL CAJON CA. 92020

16a) THIS PROVES WITHOUT A DOUBT THAT PLAINTIFF LIVES IN THE SOUTHERN DISTRICT OF CALIFORNIA.

AS DEFENDANTS THROUGH THERE MOTION ARE TRYING TO IMPLY THAT PLAINTIFF DOES NOT LIVE IN

THE SOUTHERN DISTRICT OF CALIFORNIA..

DEFENDANT FURTHER STATES,  PLAINTIFF DOES NOT HAVE A RIGHT TO FILE THIS LAW SUIT WHERE

THE PLAINTIFF LIVES AND RESIDES..


17) THAT THE PLAINTIFF WAS INFACT INVOLVED IN A STAGED CAR WRECK ON FEB 4 2006--IN GALVESTON

TX.

THAT THE POLICE REPORT WHICH WAS WRITTEN BY POLICE OFFICER STEPHEN BREWER WAS NOT CORRECT

IN SEVERAL ASPECTS-

SUCH AS WRONG INSURANCE COMPANY--WRONG INSURANCE POLICY NUMBER---NO PHONE NUMBER OF INSURANCE

COMPANY.. THERE ARE NO ISSUED MOVING VIOLATIONS FOR THE DEFENDANT AS DRIVING UNDER THE

INFLUENCEOF PRESCIPTION DRUGS, WHICH IS DOCUMENTED IN POLICE REPORT---THAT THE DEFENDANR PAULA

PATSON HAD TAKEN THE DRUG ZANEX 1/2 HOUR PRIOR TO DRIVING.

THE LOCATION OF THE VEHICALS AFTER THE CAR WRECK IS DRAFTED WRONG IN THE POLICE REPORT.

COMPLETE POLICE REPORT IS FUDGED..

ITS POSSIBLE THAT THE PAULA PATSON AND HER HUSBAND RONALD PATSON IS NOT THERE CORRECT NAMES OR

IS THE ADDRESS LISTED IN POLICE REPORT..

THUS THIS ENTIRE COVER UP BY THE POLICE TO PROTECT THE DEFENDANT PAULA PATSON IS PROVEN IN

THIS 1ST AMENDED COMPLAINT AND FURTHER OTHER USA, STATE AND CITY AND OTHER GOVERMENT ENTITIES,

ARE INVOLVED, AS STATED IN THE 1ST AMENDED COMPLAINT..


18) OTHER OCCURRENCES OF EXCESSIVE AND UNWARRANTED FORCE AGANIST THE PLAINTIFF.  WITH OFF

DUTY POLICE OFFICERS FROM GALVISTON POLICE VICE SQUAD AFTER THIS STAGED CAR WRECK WHICH

HAPPENED ON SUPER BOWL SUNDAY.. IT ONLY SHOWS THE PROOF TO THE COMPLAINT OF THE PLAINTFF AS

TO THE KNOWLEDGE THAT THE POLICE HAVE OF THE PLAINTIFF.AS STATED IN 1ST AMENDED COMPLAINT.

DEFENDANTS KNOWING THE PLAINTIFF IS IN GALVISTON TEXAS AND FURTHER THE PROOF OF GPS TRACKING

ON PLAINITFF VEHICAL...

DEFENDANTS STATING DELUSION AND PARINOIA OF THE PLAINTIFF IN THERE MOTION. IN REFERENCE TO

THE PLAINTIFFS STATEMENTS MADE IN THE 1ST AMENDED COMPLAINT..

THERE STATEMENT OF DELUSION AND PARINOIA IS COMPLETLEY UNWARRANTED--AND A MALISE STATEMENT

THAT HAS UTTERLY NO MERRIT.. FURTHERMORE SLANDERING OF THE PLAINTIFF..


19) THAT THE PLAINTIFF WILL ENDURE A FINANCIAL HARDSHIP HAVING TO TRAVEL TO TEXAS TO DEFEND

HIMSELF IN THIS PENDING LAWSUIT....

WHEN IN FACT THE PLAINTIFF WAS A VICTIM OF A STAGED CAR WRECK FROM GALVISTON TX.

THEN FURTHER COVERED UP BY THE GALVESTON POLICE DEPT.


20) AS STATED IN TEXAS FEDERAL CIVIL PROCEDURE HANDBOOK THE PLAINTIFF MAY FILE A COMPLAINT

IN HIS OR HERS PLACE OF RESIDENCE. OF WHERE PLAINTIFF RESIDES IF NOT AS THE SAME STATE AS THE

DEFENDANT.. PLAINTIFF LIVES AND RESIDES IN THE SOUTHERN DISTRICT OF CALIFORNIA.

PLAINTIFF IS NOT A CITIZEN OF TEXAS.. OR LIVES IN TEXAS..


21) PLAINTIFF STATES DEFENDANTS HAVE WRITTEN BY PAGES 4 THRU 10 OF THERE MOTION IN

ARGUMENT AND AUTHORITIES--AS WHICH CASE LAW IS TO BACK UP THERE QUEST TO DISMISS FOR LACK

OF PERSONAL JURISDICTION. AND FURTHERMORE THE DEFENDANTS QUEST WHY THIS COMPLAINT SHOULD BE

DISMISSED.

DEFENDANTS HAVE ATTACHED NO EXHIBITS AS TO THESE AUTHORITIES-AS THEY REFERE TO..


22) THAT MICHAEL FOX THE PLAINTIFF IS NOT AN ATTORNEY OR HAS ANY LEGAL SCHOOLING TO PROVIDE

AUTHORITY IN OPPISTION TO DEFENDANTS CASE LAW----

PLAINTIFF BELIEVES THAT THESE ATTORNEY REPRESENTING DEFENDANTS WILL AND ARE TAKING FULL

ADVANTAGE OF THIS SITUATION..

THAT PLAINTIFF  FUTHER BELIEVES HE IS ENTITLED TO SOME DEGREE OF LATITUDE AS TRYING TO

FIND JUSTICE IN THIS INTENTFULL STAGED CAR WRECK.. AND THE GREAT EMOTIONAL AND IRRUPTABLE

HARM IT HAS CAUSED THE PLAINTIFF, AS PLAINTIFF IS MOST LIKLY GOING TO DIE, OR BECOME

SERIOUSLY INJURIED LATER IN LIFE..


22A) FUTHER PLAINTIFF HAS TRYED TO FIND LEGAL COUNSEL BY ATTORNEYS IN TEXAS, BEGINING

RIGHT AFTER THIS STAGED CAR WRECK--PLAINTIFF HAS MADE CONTACT WITH APPROX 20 DIFFERENT

ATTORNEYS... PLAINTIFF CAN FIND NO ATTORNEY FOR REPRESENTATION--BUT ONLY TO MONETARY

SETTLE THIS CASE. PLAINTIFF IS SEEKING JUSTICE AND FURTHER MONEY JUDGEMENT

PLAINTIFF HAS GONE TO JACKSON WYOMING TO ATTORNEY JERRY SPENCES OFFICE

PLAINTIFF HAS GONE TO CHAPEL HILL NORHT CAROLINA TRYING TO SEE FORMER SENATOR JOHN
EDWARDS FOR LEGAL REPRESENTATION OR POSSIBLY ONE OF HIS FORMER COLEAGES FOR REPRESENTATION
BUT PLAINTIFF CAN FIND NO ATTORNEYS TO FIGHT THESE CORRUPT GOVERMENT ENTITIES AND THERE
PEOPLE..


22B) PLAINTIFF HAS BEEN DENIED BY US FEDERAL DISTRICT MAGISTRATE JUDGE LOUISA S.
PORTER FOR A COURT APPOINTED ATTORNEY. FROM SAN DIEGO CALIFORNIA.
ENTRY ON DOCKET ON APRIL 18TH 2008--DENYING PLAINITFFS MOTION FOR COURT APPOINTED
ATTORNEY..


23) PLAINTIFF FUTHER STATES IN HIS BEHALF THAT THE CALIFORNIA FEDERAL SOUTHERN DISTRICT
COURT BOOKLET ON CIVIL PRODEDURES EVEN STATES THAT A PLAINTIFF MAY FILE A CIVIL COMPLAINT
IN THE DISTRICT OF WHERE THE PLAINTIFF LIVES AND RESIDES... AS DOES THE TEXAS SOUTHERN
DISTRICT CIVIL COURT RULES..
AS PLAINTIFF IS NOT A RESIDENT OF TEXAS.. PLAINTIFF FILED COMPLAINT AS WHERE PLAINTIFF
LIVES...

23A) FURTHERMORE PLAINTIFF STATES. HOW CAN FEDERAL DISTRICT COURTS GIVE LEGAL BOOKLETS ON
HOW TO FILE A CIVIL LAWSUIT--FURTHER STATING A PLAINTIFF CAN FILE A CIVIL COMPLAINT WHERE
THE PLAINTIFF RESIDES.. IF NOT A RESIDENCE OF THE SAME STATE OF THE DEFENDANT OR IN WHICH
THE INCIDENT OCCURED..


23B) THEN DEFENDANTS ARE ABLE TO FILE MOTIONS TO DISMISS PLAINTIFFS CASE STATING ALL KINDS
OF LEGAL STATUED AND AUTHORITY TO SUPPORT THERE QUEST TO DISMISS.
AS PER DEFENDANTS PENDING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION..
OR TO HAVE PLAINTIFFS CASE HEARD IN DEFENDANTS DISTRICT OF SOUTHERN TEXAS..


24) PLAINTIFF LIVES AND RESIDES IN THE SOUTHERN DISTRICT OF CALIFORNIA--PLAINTIFF LIVES IN
SAN DIEGO CALIFORNIA.. PLAINTIFF REQUEST THAT THIS COURT IN THE SOUTHERN DISTRICT OF
CALIFORNIA HEAR THE PLAINTIFFS COMPLAINT. AS PER FEDERAL STATUED (28 U.S.C.$1391) THAT THE
PLAINTIFF IS IN FACT, A RESIDENT OF A DIFFERENT STATE OF THE DEFENDANTS.
PLAINTFF HAS A RIGHT TO FILE AND HAVE THIS PENDING CASE HEARD IN THE DISTRICT
WHERE THE PLAINTIFF LIVES AND RESIDES. AS PER FEDERAL STATUED (28 U.S.C. $1391)


25) FURTHER DEFENDANTS MAKE A STATEMENT THAT IT TOOK SO LONG TO FILE THIS COMPLAINT

PLAINTIFF STATES HE LOOKED FOR ATTORNEYS FOR REPRESENTION.. BUT WAS UNSUCESSFUL--PLAINITFF
HAD TO DRAFT HIS OWN COMPLAINT--AND FILE IT WITH IN THE STATUED OF LIMITATIONS TIME.
PLAINTIFF HAS DONE ALL LEGAL FILINGS AND COURT PROCESS SERVICE CORRECTLY AND TO THE BEST
OF THE PLAINITFF KNOWLEDGE OF THE LAW.

26) DEFENDANTS MAKE ADDTIONAL COMPLAINTS ABOUT UP ROOTING THERE GOVERMENT EMPLOYEES, AND
IN ADDITION THE EXPENSE AND INCONVIENCE IT WILL OCCUR..
FACTS ARE THAT MICHAEL FOX THE PLAINTIFF WAS INVOLVED IN A STAGED CAR WRECK WHERE
THE GALVISTON POLICE DEPT AND OTHER UNKNOWNS USED THERE AUTHORITY AND POWER TO FALSIFY
POLICE REPORTS, AND FURTHER THE CONTINUING INTIMIDATION AND HARASSMENT OF OTHER GALVESTON
POLICE AFTER THIS STAGED CAR WRECK ON SUPER BOWL SUNDAY..
THAT NOW THIS GOVERMENT ENTITY WANTS TO MAKE EXCUSSES WHY THEY SHOULD NOT BE UP ROOTED
AND HAVE TO DEFEND THEMSELFS IN THE SOUTHERN DISTRICT OF CALIFORNIA WHERE THE PLAINTIFF
LIVES AND RESIDES. AS IS THE PLAINTFFS RIGHT..

27) FACTS ARE THAT THE PLAINTIFF IS MOST LIKLY GOING TO DIE AS A RESULT OF THIS STAGED
CAR WRECK. DUE TO THE SEVERE BLOOD CLOTTING AND SEVERE BLOOD VESSEL DAMAGE IN THE RIGHT LEG.
OF THE PLAINTIFF, FURTHER THE ADDITIONAL BLOOD CLOTTING IN BOTH LUNGS. AND DAMAGE IT HAS
CAUSED...

28) THAT PLAINTIFF IS GOING TO BE IN NEED OF EXTENSIVE MEDICAL TREATMENT AND CARE DUE TO
THIS STAGED WRECK. AS THE PLAINTFF AGES, AND BECOMES LESS ACTIVE.

29) THAT THERE IS A GREAT POSSIBLITY THAT THE PLAINTIFF MAY SUFFER FROM A STROKE AND BECOME
PARILISED DUE TO THIS STAGED CAR WRECK. DUE TO BLOOD CLOTTING

30) DEFENDANTS ARE NOT ENTITLED FOR A DISMISSAL ON THERE MOTION. AS THERE MOTION IS NOT DUE
AND OWING---THERE MOTION IS MISLEADING.
FURTHER DEFENDANTS ARE DEEPLY AT FAULT HERE, WHICH IS DOCUMENTED IN THE PLAINTIFFS COMPLAINT.
AND THERE ACTIONS ARE LIVING PROOF OF IT..


WHERE--AS THE PLAINTIFF HONORABLE REQUESTS THAT THIS COURT DENY DEFENDANTS MOTION SEEKING
DISMISSAL FOR LACK OF PERSONAL JURISDICTION... AS IT IS NOT DUE AND OWING... FURTHERMORE
DEFENDANTS MOTION HAS NO MERRIT
PLAINTIFF FURTHER ASKS THAT DEFENDANTS MOTION BE DISMISSED WITH PREJUDICE..

DATE OF ___June 23 2008___                    PLAINTIF--MICHAEL FOX--IN PRO PER

## PROOF OF SERVICE

MICHAEL FOX THE PLAINTIFF STATES THAT ON MONDAY JUNE 23 2008--A COPY OF PLAINTFFS OPPISTION
AND ANSWER TO DEFENDANTS MOTION WAS MAILED TO THE LAW FIRM OF CHAMBERLAIN HRDVICKA-WHITE
WILLIAMS AND MARTIN AT 1200 SMITH STREET SUITE 1400 HOUSTON TX 77002-- BY CERTIFIED MAIL
CERTIFIED MAIL# 7007 2680 0000 2741 1953

COPY MAILED TO US ATTORNEYS OFFICE AT 880 FRONT STREET (ROOM 6293) SAN DIEGO CALIFORNIA
CERTIFIED MAIL# 7007 2680 0000 2741 1830


DATE OF ___June 23 2008___                    PLAINTIFF--MICHAEL FOX--IN PRO PER



## GUIDELINES FOR LITIGANTS WITHOUT LAWYERS
## SOUTHERN DISTRICT OF TEXAS

1.    Introduction

    A.    These guidelines are to make persons who represent themselves in lawsuits familiar with some of the rules and procedures which must be followed in the United States District Court for the Southern District of Texas.

    B.    Disclaimer.  This summary does not take the place of a pro se litigant's responsibility to comply with the Local Rules (L.R.), the Federal Rules of Civil Procedure (Fed.R.Civ.P.) and all other laws.  This summary is not legal advice and reliance on it is at your own risk.

2.    The Complaint

    A.    A civil lawsuit is begun by filing a complaint in the office of the Clerk of the Court.  The purpose of the complaint is to give notice to the persons being sued and to the court about the nature of the lawsuit.  The complaint must contain:

        1.    a caption specifying the court in which the suit is brought and names of the parties;

        2.    a short, plain statement of why the court has jurisdiction;

        3.    a short, plain statement of the claim that entitles the plaintiff to relief, including a concise statement of the facts;

        4.    a statement of the particular relief sought; and

        5.    your signature, address and telephone number.

    B.    Pleadings should be simple and direct; technical, legal jargon is not required.

    C.    Generally, each statement of claim should be made in separately numbered paragraphs, with each paragraph limited as far as possible to a statement of a single set of facts.

    D.    If the basis of your suit is employment discrimination, there is a form attached which you may use for filing your complaint. (Appendix A)  If your suit has any other nature, the Original Complaint form attached (Appendix B) may be used to get started.

3.    Where to File

    A.    Clerk.  All papers to be filed must be delivered or mailed to the Clerk's Office.

1

A-1

Never send papers directly to the judge.

B.  <u>Options</u>.  Generally, the suit must be filed in the district where the defendant resides or where the claim arose.  In suits based on diversity of citizenship (when the plaintiff and defendant are residents of different states),  the suit may be brought in the district where the plaintiff resides (28 U.S.C. §1391).

C.  <u>Divisions</u>.  There are seven divisions of the Southern District of Texas:

    1.  Brownsville

| | | |
|---|---|---|
| a. | Mail and Delivery: | 600 East Harrison Street, Room 101 Brownsville, TX 78520 |
| b. | Counties: | Cameron and Willacy. |

    2.  Corpus Christi

| | | |
|---|---|---|
| a. | Mail and Delivery: | 1133 North Shoreline Blvd., Room 208 Corpus Christi, TX 78401 |
| b. | Counties: | Aransas, Bee, Brooks, Duval, Jim Wells, Kenedy, Kleberg, Live Oak, Nueces and San Patricio. |

    3.  Galveston

| | | |
|---|---|---|
| a. | Mail: | P.O. Box 2300 Galveston, TX 77553 |
| b. | Delivery: | 601 Rosenberg, Room 411 Galveston, TX 77550 |
| c. | Counties: | Brazoria, Chambers, Galveston and Matagorda. |

    4.  Houston

| | | |
|---|---|---|
| a. | Mail: | P.O. Box 61010 Houston, TX 77208 |
| b. | Delivery: | 515 Rusk, Room 1217 Houston, TX 77002 |
| c. | Counties: | Austin, Brazos, Colorado, Fayette, Fort Bend, Grimes, Harris, Madison, Montgomery, San Jacinto, Walker, Waller and Wharton. |

A-2

5.  Laredo
    a.  Mail:              P.O. Box 597
                           Laredo, TX 78042
    b.  Delivery:          1300 Matamoros
                           Laredo, TX 78042
    c.  Counties:          Jim Hogg, LaSalle, McMullen, Webb and
                           Zapata.

6.  McAllen
    a.  Mail and           1701 West Business Highway 83, Suite 1011
        Delivery:          McAllen, TX 78501
    b.  Counties:          Hidalgo and Starr.

7.  Victoria
    a.  Mail:              P.O. Box 1638
                           Victoria, TX 77902
    b.  Delivery:          312 S. Main Street, Room 406
                           Victoria, TX 77901
    c.  Counties:          Calhoun, De Witt, Goliad, Jackson, Lavaca,
                           Refugio and Victoria.

4.  <u>Requirements for Filings</u>

    A.  The requirements for filing the complaint and all other pleadings are found in LR5
        and LR10 as well as Fed.R.Civ.P. 10 and 11.  They include

        1.  be on 8½" x 11" paper;
        2.  be double spaced and paginated;
        3.  stapled at the top only;
        4.  punched with two holes; and
        5.  include the plaintiff's address and telephone number; and
        6.  be signed by the plaintiff.

    B.  <u>Address</u>.  Failure of a litigant to keep the Clerk of the Court informed of his
        current address and telephone number during the pendency of the lawsuit.
        (LR83.4)

5.  <u>Filing Fees</u>

                                        $350.00

    A.  The fee for filing a civil action is $~~150.00~~.  Filing fees must be paid to the Clerk
        at the time of filing the complaint, unless the Court grants leave to proceed in
        forma pauperis.

A-3

B.    <u>In Forma Pauperis</u>:



1.   A plaintiff who cannot pay the filing fee and the costs for service may request to proceed in forma pauperis. (Appendix C) The request must be submitted with the complaint and must be accompanied by an affidavit setting forth the plaintiff's financial resources.

2.   If leave to proceed in forma pauperis is granted, the plaintiff's suit will be filed without prepayment of the filing fee.

3.   If leave to proceed in forma pauperis is denied, you must pay the filing fee for your case (suit) to be filed.

6.   <u>Judge's Procedural Manual</u>

At the time a suit is filed, the Intake Section will provide the plaintiff a procedural manual for the judge to whom the case is assigned. The procedural manual contains information about the specific requirements of that particular judge.

7.   <u>Scheduling Conference</u>

Also, at the time a suit is filed the following will be provided to the plaintiff:

A.   <u>Order for Conference</u>. This conference will be set within 140 days of the filing of the complaint. At the conference a scheduling order will be signed by the judge which will set deadlines, as well as, a trial date. (L.R. 16.1)

B.   <u>Instructions for the Preparation of the Joint Report of Meeting and Discovery/Case Management Plan under Rule 26(f) Fed.R.Civ.P.</u>

8.   <u>Service of Process (Summons)</u>

A.   <u>Issuance of Summons</u>. Upon the filing of a complaint, the plaintiff is responsible for prompt service of the summons and a copy of the complaint on each of the defendants named in the complaint. (Fed.R.Civ.P. 4 and L.R. 4) Failure to serve the summons and complaint <u>within 120 days after filing of the complaint</u> is grounds for dismissal of each party not served.

In addition to the summons, the above mentioned Order for Conference and the Instructions for the Preparation of the Joint Report of Meeting and Discovery/Case Management Plan <u>must</u> be served on all defendants.

A-4

A summons must be prepared in duplicate by the plaintiff for each defendant. (Appendix D) In Addition, the plaintiff must submit a copy of the complaint for each defendant at the time the complaint is filed.

The summons must show the time within which the defendant is required to respond to the complaint. All defendants have twenty (20) days, with the exception of the United States which has sixty (60) days to respond. The time runs from the date the defendant is served with the complaint.

The summons will be signed and sealed by the Clerk and returned to the plaintiff together with the copies of the complaint to be served. The plaintiff must then serve the summons and complaint as provided by Fed.R.Civ.P. 4.

To avoid costs, the plaintiff may notify a defendant of the commencement of the action and request that the defendant waive service of a summons. (See Fed.R.Civ.P. 4(d) and Appendices E and F)

When an agency of the United States is named as a defendant, the summons must be served on:

1.    the agency named,

2.    the Attorney General of the United States in Washington, D.C., and

3.    the United States Attorney. It is required that the U.S. Attorney (or an assistant U. S. attorney or clerical employee designated by the U. S. Attorney) for the district in which the action is brought be served by sending a copy of the summons, complaint and other documentation previously mentioned by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney. (See Appendix G for a list of designees and addresses.)

The summons may be served by anyone over 18 years of age, who is not a party to the suit.

B.    Proof of Service. Finally, the plaintiff must return to the court proof that the defendants have been served in accordance with Rule 4(l) of the Federal Rules of Civil Procedure.

If service is not waived, proof of service must be filed with the Clerk. Where service is made other than by mail, proof of service may be made by completing the return on the back of the summons form and returning it to the Clerk.

A-5

It is the responsibility of the person serving the summons to prepare and submit the forms showing proof of service once it is made. (Fed.R.Civ.P. 4(l))

Plaintiffs should read Local Rule 4 and Rule 4 of the Federal Rules of Civil Procedure to become thoroughly familiar with the procedures governing service of process.

9.    Assignment of Cases

Civil cases are assigned at random to the judges of the district court. Assignments are made so that no party or lawyer may choose which judge will hear the case.

10.   The Answer

A.   The defendant in an ordinary civil case will have twenty (20) days form the date of service of the complaint to file an answer. The United States or a federal official will have sixty (60) days.

B.   Just as the plaintiff in the complaint must make a short, plain statement of the claim, the defendant in the answer must state the defenses to the claims and either admit or deny the specific allegations contained in the complaint. (Fed.R.Civ.P. 8(b))

C.   As with all other pleadings, the defendant must file the answer with the Clerk and serve a copy on the opposing party. Failure to answer or otherwise defend in a timely fashion is grounds for judgment by default against the defendant. (Fed.R.Civ.P. 55)

11.   Motions against the Complaint

A.   Although most defenses to a complaint must be asserted in the answer, a defendant has the option of asserting certain defenses in the form of a motion to dismiss the complaint before filing an answer. (A motion is an application to the Court asking that the Court take some particular action in the case.)

B.   Motions to dismiss the complaint typically make the following arguments:

1.    the Court lacks the power to decide the subject matter of the case or to compel a defendant to appear;

2.    service of process was insufficient; or

3.    the complaint fails to state a claim which the law will recognize as

6

A-6

enforceable.  (Fed.R.Civ.P. 12(b))

C.    If such a motion is made, a plaintiff will have twenty (20) days from the date of filing in which to file a response.  It is very important to respond to such motions; otherwise, the Court may assume that the motion is unopposed. (L.R. 7)

12.    <u>Motions</u> (Local Rule 7)

As stated above, a motion is an application to the Court asking that the Court take certain action with respect to the conduct of the case.

Unless made orally during a hearing or trial, motions should be in writing, should state the action sought, and should set forth the facts.  Motions are the primary way for litigants to ask the Court to take action in a case.  They must be filed with the Clerk, and copies must be mailed to all opposing parties (L.R. 5);  motions should not be sent directly to the judges.

Every motion <u>must</u> have a statement that the movant has conferred with opposing counsel and was unable to reach an agreement for the disposition of the matters raised in the motion.  Failure to comply with this rule may result in the Court striking the motion.

Each party opposing a motion has twenty (20) days from the date of filing of a motion to respond.  Failure to respond will be taken as a representation of no opposition.

13.    <u>Failure to Pursue the Lawsuit</u>

Once a case has been filed, it is extremely important for a plaintiff to be diligent in pursuing the case.  The plaintiff has an obligation to attempt to make the case ready for trial.  All parties must make their best efforts to complete discovery into the facts of the case within the time limits and in accordance with the procedures.  In addition, a plaintiff must obey all orders of the Court that may issue in the case and must appear for all conferences or hearings which a judge may schedule.  Failure to do so is grounds for dismissal or sanctions.

14.    <u>Certificate of Service</u>

Every paper sent to the clerk must have at the end a signed statement that you have sent a copy of that paper to all parties in the case. You must, of course, actually send everyone a copy of every paper you file.

15.    <u>Court Appointed Attorneys</u>

Motions for the appointment of an attorney are not ordinarily granted, as there are no

7

A-7

funds for the payment of their services.  However, in some special instances the Court may appoint an attorney for a party.

16.    Personnel in the Office of the Clerk

The deputy clerks in the U.S. District Clerk's Office are there to help you; however, there are some things you should note:  they will try to assist you, but they are not allowed to complete the forms for you; they are not allowed to make copies for you free of charge; and most importantly, they are not lawyers and can not advise you on legal matters.

A-8

## CAUSE NO. 08CVX0100405th

FOX, MICHAEL
Plaintiff
Vs.
PATSON, PAULA
Defendant

COUNTY DISTRICT COURT

405TH JUDICIAL DISTRICT

GALVESTON COUNTY, TEXAS

### AFFIDAVIT OF DUE DILIGENCE

**Before me, the undersigned authority, personally appeared _Andy Whitmore_ who swore an oath that the following are true and correct:**

My name is _Andy Whitmore_. I am an authorized private process server in matters in Harris County. I was first authorized by general order of the Administrative Judge of the Harris County District Courts on June 1st, 2005. The most recent general order authorizing me to serve process served in this case was signed July 1st, 2005 by the Texas Supreme Court. My official process server identification number is SCH1314.

I am an employee and owner of _Houston Court Processors._

My physical business address is _1010 Laurel Valley, Houston, TX. 77062._

My mailing address is _P.O.Box 891001, Houston, TX. 77289._

My business phone is _832-453-4743 cell  281-488-6472 office._

I am not a party to this case, nor am I related to, employed by, or otherwise connected to (other than having been retained to serve process in the case) any party or any party's attorney in this case, and I have no interest in the outcome of this lawsuit.

I am over the age of 18 years and I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

Below is the log of attempted delivery for PAULA PATSON  I went on different days at different times but to no avail.

| ATTEMPT | DATE | TIME | ADDRESS | DESCRIPTION OF ATTEMPTED DELIVERY |
|---|---|---|---|---|
| 1 | 05-28-08 | 7:15 P.M. | 311 KICKERVILLO DR. HOUSTON, TX 77079 | ATTEMPTED AT DEFENDANT'S RESIDENCE – KNOCKED ON DOOR FOR TEN MINS. NO ANSWER. SERVER SAT AND WAITED ADDITIONAL 1.5 HOURS BUT NEVER SAW ANY MOVEMENT INSIDE HOME AND NO ONE EVER CAME OF LEFT THE HOUSE. |
| 2 | 05-29-08 | 11:20 A.M. | 311 KICKERVILLO DR. HOUSTON, TX 77079 | RESIDENCE APPEARS TO BE THE SAME AS WHEN ATTEM PTED ON 05-28-08. KNOCKED ON DOOR AND RANG DOOR BELL BUT NO ONE EVER ANSWERED. |
| 3 | 05-30-08 | 5:35 P.M. | 311 KICKERVILLO DR. HOUSTON, TX 77079 | ATTEMPTED BY KNOCKING AND RINGING DOOR BELL NO ANSWER |
| 4 | 06-02-08 | 1:25 P.M. | 311 KICKERVILLO DR. HOUSTON, TX 77079 | RESIDENCE APPEARS THE SAME AS IT HAS THE ON PREVIOUS ATTTEMPTS. IT IS OCCUPIED AND MAIL APPEARS TO BE PICKED UP DAILY. |
| | | | | |
| | | | | |

_Andy Whitmore_
Affiant's Signature

_ANDY WHITMORE_
Affiant's Printed Name

### VERIFICATION

Before me, a notary public, on this day personally appeared the above name Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct. Given under my hand and seal of office on this the _11_ day of _June_, 2008.

NOTARY PUBLIC _Dorothy Ann Colburn_



DOROTHY ANN COLBURN
Notary Public, State of Texas
My Commission Expires
March 14, 2010

Exhibit

2-A

1