1  KAREN P. HEWITT
   United States Attorney
2  STEVE B. CHU
   Assistant U.S. Attorney
3  California Bar No. 221177
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-5682

6  Attorneys for all Federal Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL FOX, | ) | Civil Case No. 07CV2388-DMS (POR) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE DEFENDANTS MOTION TO DISMISS AND FURTHER SETTING ASIDE THE COURTS ORDERS TO IT |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | Date:  August 15, 2008<br>Time:  1:30 p.m.<br>Crtrm: 10<br>Judge: Hon. Dana M. Sabraw |
| | ) | [No Oral Argument Unless Requested by the Court] |

## I. INTRODUCTION

Plaintiff Michael Fox filed his operative complaint, the First Amended Complaint (hereafter "FAC"), on January 30, 2008.  Thereafter, the Federal Defendants filed a motion to dismiss on April 7, 2008.   The Court granted the Federal Defendants' motion to dismiss on June 24, 2008, and entered judgment in favor of the Federal Defendants on the same date, thereby dismissing all of Plaintiff's claims.  Plaintiff now brings what appears to be a post-judgment motion to set aside the judgment, which was filed on July 7, 2008.  The Federal Defendants submit this brief in opposition to Plaintiff's motion to set aside.  As discussed below, Plaintiff's motion lacks any evidentiary support.  In particular, Plaintiff fails to present new evidence, demonstrate a change in law, or show that the Court's ruling resulted in manifest injustice.

## II. DISCUSSION

Plaintiff has filed a motion, vaguely titling it as a "Motion to Set Aside Defendants Motion to Dismiss and Further Setting Aside the Court's Orders to it."  While this does not clarify the basis for Plaintiff's motion, Plaintiff also fails to cite any legal authority throughout his papers. The motion appears to be a post-judgment motion to set aside the judgment, but may also be construed as a motion for reconsideration.  In either event, Plaintiff fails to meet the applicable legal and evidentiary standard required to obtain the relief sought.

    A.    Plaintiff Fails to Meet the Standard Required for a Motion to Set Aside the Verdict

Rule 60(b) permits a party to move for relief from a judgment or from an order for various reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence that could not have been discovered with reasonable diligence, fraud or other misconduct of an adverse party, or any other reason justifying relief from the operation of the challenged decision. Fed. R. Civ. P. 60(b).

In order to succeed in the Ninth Circuit, a motion for reconsideration must accomplish

two general goals: (1) the motion must demonstrate why a court should reconsider its prior decision; and (2) the motion must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Painting Industry of Hawaii Market Recovery Fund v. United States Dept. of the Air Force</u>, 756 F. Supp. 452, 453 (D. Haw. 1990).[1] Stated another way, the Plaintiff must show "extraordinary circumstances" to justify her motion. <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir. 1993).

The Ninth Circuit has provided guidance by identifying three major grounds that might justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or prevent manifest injustice." <u>Kern-Tulare Water District v. City of Bakersfield</u>, 634 F. Supp. 656, 665 (E.D. Cal. 1986), <u>aff'd in part and rev'd in part on other grounds</u>, 828 F.2d 514 (9th Cir. 1987).

No change in controlling law has been identified by Plaintiff or is known to have occurred. Therefore, if his motion is to be granted, it must be based on "new evidence" or the "need to correct a clear error or prevent manifest injustice." <u>Kern-Tulare Water District</u>, 634 F. Supp. at 665. However, he has not identified any new such evidence nor, as discussed below, shown any manifest injustice.

Plaintiff's motion is essentially a summary of the events that have already been discussed in his FAC. He has failed to provide any new evidence that has not already been discussed. Plaintiff describes a series of alleged events, including a staged car wreck and the belief that he is under constant surveillance by the government. These allegations were considered and ruled upon in the Court's June 24, 2008 order. Plaintiff raises some factual allegations about his current physical condition, and his attempts to retain counsel, however, none of these alleged facts has any bearing on whether the Court should have dismissed the action. Moreover, Plaintiff's attempt to retain counsel is not a "new" matter as this has been raised by Plaintiff in his prior papers. (FAC at ¶1F.) In order for a matter to be considered new for purposes of a motion for reconsideration, Plaintiff is "obliged to show not only that [the] evidence was newly

---

[1] The decision was a denial of a motion for reconsideration. The underlying decision (of which reconsideration was sought) was later appealed and reversed by the Ninth Circuit. <u>See Painting Industry of Hawaii Market Recovery Fund v. United States Dept. of the Air Force</u>, 26 F.3d 1479 (9th Cir. 1994).

discovered or unknown to [her] until the hearing, but also that [he] could not with reasonable diligence have discovered and produced such evidence." Frederick S. Wyle Prof. Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985). See also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211-12 (9th Cir. 1987) (to show abuse of discretion by district court in denying reconsideration, movant must show that new evidence could not have been discovered with due diligence, and was "of such magnitude that production of it earlier would have been likely to change the disposition of the case"). If Plaintiff had any relevant new facts, he should have asserted them in an opposition to Defendant's motion to dismiss – and certainly in his present motion. He has failed to do so.

Nor is relief available to Plaintiff under Rule 60(b)(6) of the Federal Rules of Civil Procedure. That provision permits a party to move for relief from a judgment or order "for any other reason justifying relief from the operation of the [decision]." Fed. R. Civ. P. 60(b)(6). To invoke this as a basis for his motion, Plaintiff would have to show that "extraordinary circumstances" justify the rule's application. Alpine Land & Reservoir Co., 984 F.2d at 1049. Rule 60(b)(6) is to be "used sparingly" as a way "to prevent manifest injustice." Id.

Plaintiff has not shown that dismissing his case would cause such manifest injustice. Although he continues to make a series of allegations about fraud and conspiracies, he has provided no factual support for his claims. More important, even if his accusations were accepted at face value, he has not identified any misconduct bearing on the Court's dismissal or so egregious as to justify reconsideration of the dismissal.

B.   Plaintiff's Motion Fails to Fulfill the Standard Required for a Motion for Reconsideration.

Plaintiff has also failed to meet the standard required for a motion for reconsideration. The analysis for a motion for reconsideration is substantially similar to that conducted on a motion to set aside a judgment. Local rule 7.1(i) provides that whenever any motion or application for reconsideration is made, the part seeking such relief must present to the judge an affidavit or certified statement setting forth the material facts and circumstances surrounding

each prior application, including: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application. Plaintiff has failed to provide such an affidavit or certified statement. Moreover, as discussed above, Plaintiff has failed to identify new or different facts or circumstances which did not exist or were not shown during prior application. Accordingly, Plaintiff's motion fails.

### III.  CONCLUSION

Plaintiff's motion rehashes allegations and arguments raised in prior pleadings, all of which were considered and ruled upon when the Court entered its Order of June 24, 2008. Additionally, Plaintiff has raised no new evidence or law that would justify disturbing the Court's Order and Judgment. Consequently, Defendant respectfully requests that the Court deny Plaintiff's instant motion.

DATED: July 31, 2008                          KAREN P. HEWITT
                                              United States Attorney


                                              /s Steve B. Chu

                                              STEVE B. CHU
                                              Assistant U.S. Attorney
                                              Attorneys for all Federal Defendants